SAMUEL L. FOX

v.

JOHN VIRGIN ET AL.

SAMUEL L. FOX

v.

CHRISTOPHER HODGSON.

</div>

HIGHWAY BY PRESCRIPTION.—The public can acquire no right to a road over vacant and uninclosed land by use alone for twenty years.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 24, 1882.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; that there must be an intention to dedicate, or acts sufficient to amount to such intention, cited Fox v. Virgin, 5 Bradwell, 515; Kelly v. Chicago, 48 Ill. 388; Princeton v. Templeton, 71 Ill. 68; McIntyre v. Story, 80 Ill. 127; Marcy v. Taylor, 19 Ill.

634; Gentleman v. Soule, 32 Ill. 271; Godfrey v. Alton, 12 Ill. 29.

Messrs. WHITLOCK, SMITH & CRAWLEY, for appellees.

PER CURIAM. The first of these two cases was once before in this court and is reported in 5 Bradwell, 515. The second is for a trespass of a precisely similar nature, and the defense in both cases rests upon the same state of facts. Up to the year 1874, when appellant first fenced the land, it was a timber tract, vacant and uninclosed. The public could therefore acquire no right to a road over it by use alone for twenty years. Kyle v. Town of Logan, 87 Ill. 67.

We are still of the opinion the evidence not only fails to show a road to have been established by dedication, but the evidence shows directly the contrary. When appellant fenced his land he expressly told the public authorities the purposes for which he left the lanes on two sides of it, and from then until now he has persistently maintained a hostile attitude toward the road. The judgments will therefore be reversed and the causes remanded.

<div style="text-align:right">Reversed and remanded.</div>